## CIRCUIT COURT OF FAIRFAX COUNTY

Jose A. Carvajal

v.

Cheryl Lynn Smider et al.

### June 4, 1993

### Case No. (Law) 122928

BY JUDGE GERALD BRUCE LEE

This matter comes before the Court on Plaintiff Jose A. Carvajal's Motion for Declaratory Judgment. Carvajal requests that this Court issue a declaration determining whether Defendant Cheryl Lynn Smider is an uninsured or underinsured motorist and Defendants State Farm Mutual Automobile Insurance Co. and Progressive Casualty Insurance Company are obligated to extend coverage if judgment is entered against Smider. Defendant Fairfax County School Board is also a party to this proceeding. Defendants assert that under Va. Code Ann. §§ 22.1–190, 22.1–194 (Repl. Vol. 1985) the School Board's potential liability is limited to $50,000 and that any judgment against Smider is either barred under the doctrine of sovereign immunity or is limited to $50,000. Defendant insurance carriers also contend if Smider has the defense of sovereign immunity that she is not uninsured nor underinsured, and that pursuant to the terms of their policies, they are under no obligation to extend coverage.

Having considered the arguments and memoranda of counsel and for the reasons set forth below, the Court rules that Smider is ineligible for the defense of sovereign immunity; that Progressive's policy does not extend coverage to Smider and that her use of the school bus falls within the policy's exclusions; that State Farm is not obligated to extend coverage to Carvajal since Smider is not an uninsured nor underinsured motorist; and that the School Board's self-insurance plan extends coverage to Smider.

*Facts*

Carvajal filed his Motion for Declaratory Judgment on April 2, 1993, to determine the obligations of the School Board and the defendant insurance carriers, State Farm and Progressive. Currently, Carvajal has pending a personal injury action against Smider, at Law No. 116119, providing for $200,000 in compensatory damages. Carvajal alleges in the tort suit that Smider, while driving a school bus for the School Board on December 21, 1988, failed to yield the right-of-way, causing serious injuries to Plaintiff.

The parties consent to the Court's consideration of an affidavit provided by Defendant Smider. The affidavit states that Smider is responsible for the supervision, discipline, safety and control of all students on her bus. She is also responsible for determining the most timely and effective route to take to pick-up students and for determining the manner in which to traverse from the completion of one bus run to another.

The affidavit further states that on the date and at the time of the accident, Smider had completed one bus run and was in the process of proceeding to her next run involving the transportation of students from Centreville High School. Smider determined that she could proceed most expeditiously to Centreville High School by turning from Arrowhead Road onto Jermantown Road, and was proceeding to execute that turn when the accident occurred. During the time of the accident, Smider continued to exercise her role as a bus driver, and she was paid for that time.

Several insurance policies were in effect at the time of the accident. Defendant School Board was self-insured as provided for in Va. Code § 22.1–190 and, therefore, may be subject to liability of up to, but not beyond $50,000, for Carvajal's injuries. Carvajal and his employer, Smith Office Machines Corporation, had policies. Both policies were issued by State Farm, and each contained an uninsured and/or underinsured provision totalling $100,000 per person/$300,000 per occurrence. In addition, Defendant Smider had a policy with Progressive. This policy was issued to Cheryl Smider and her husband and was in effect on November 17, 1988.

Plaintiff Carvajal asserts in his Motion for Declaratory Judgment that he is entitled to recover up to $50,000 from Defendant School Board with the remainder of any judgment up to $200,000 being satisfied by the School Board, State Farm or Progressive.

*Discussion*

### I. *Smider's Eligibility for Sovereign Immunity*

In its memorandum, Progressive asserts that Smider assumes whatever immunity the School Board has, and that since Va. Code § 22.1–194 waives or limits the School Board's immunity, Smider's eligibility for immunity is limited accordingly.[1] Progressive's support is the case of *National R.R. Passenger Corp. v. Catlett Fire Co.*, 241 Va. 402, 409, 404 S.E.2d 216, 220 (1991), in which the Court held that a volunteer fire-fighter was immune because his fire-fighting company was "entitled to the cloak of the county's sovereign immunity and, in turn, the cloak [was] available to the company's members." The Court agrees with Progressive and holds that Defendant Smider is ineligible for the defense of sovereign immunity.

The Virginia Supreme Court has held that consideration of the employer's immunity is important in determining whether the employee is entitled to sovereign immunity. In *Messina v. Burden*, 228 Va. 301, 312, 321 S.E.2d 657, 663 (1984), the Court opined that "[i]f an individual works for an immune governmental entity then, in a proper case, that individual will be eligible for the protection afforded by the doctrine." Under § 22.1–194, the General Assembly has waived the School Board's defense of sovereign immunity from suits arising from its ownership, use or operation of school buses through the medium of a driver. Hence, Smider's employer does not enjoy immunity from suit, and consequently, it logically follows that she cannot be immune. Smider fails on the threshold issue in determining eligibility for sovereign immunity.

Section 22.1–194 waives school board immunity from suit. However, its language reads that the school board's liability may arise "through the medium of a driver" and that the "school board may be sued alone or jointly with the driver." The statute allows suit against

---

[1] Section 22.1–194 provides in pertinent part that: "In case the . . . school board is the owner, or operator though medium of a driver, of . . . a vehicle involved in an accident, the . . . school board shall be subject to action up to, but not beyond, the limits of valid and collectible insurance in force to cover the injury complained of or, in cases set forth in subsection D of § 22.1–190, up to but not beyond the amounts of insurance required under subsection A of § 22.1–190 and the defense of governmental immunity shall not be a bar to action or recovery . . . . The locality of school board may be sued alone or jointly with the driver . . . ."

the driver because waiving the board's immunity also waives the driver's immunity. An opposite construction would be illogical. Why would a statute allow suit against a party having a defense to the suit? By the same token, if the statute waives school board immunity, it would also waive the immunity of individual board members. To counter this result, the statute states that "in no case shall any member of a school board be liable personally in the capacity of school board member only." The section specifically exempts school board members from liability; it does not specifically exempt the driver from suit. The Virginia Tort Claims Act has a similar construction. Va. Code Ann. § 8.01–195.3 (Repl. Vol. 1992). It contains a broad waiver of sovereign immunity followed by a reservation of the doctrine's protections for government employees.

State Farm and the School Board argue that the Court cannot imply a waiver of Smider's immunity from the statutory language because § 22.1–194 is in derogation of the common law. In *Colby v. Boyden*, 241 Va. 125, 132, 400 S.E.2d 184, 189 (1991), the Court held, "[L]egislative abrogation of the common law doctrine of sovereign immunity must be explicit and will not be found by implication." *See also* Norman J. Singer, 2B *Sutherland Statutory Construction* § 50.05 at 109 (5th ed. 1992) ("The maxim of interpretation, 'Mention of one thing implies the exclusion of others' may have less force where that which is excluded is the common law."). However, this rule of construction does not apply here because the General Assembly did not change the common law regarding school bus drivers such as Smider.

First, Smider is not entitled to immunity in her own right. Her eligibility for immunity is dependent upon her employer's. The legislature abrogated the common law concerning the School Board's immunity, and the abrogation is explicit. Once the legislature eliminated the school board's immunity, the legislature did not have to express itself further to waive immunity for school bus drivers.

Second, under the existing common law at the time of § 22.1–194's promulgation, school bus drivers were not immune from suit. Section 22.1–194 was adopted in 1944. Act approved March 31, 1944, ch. 376, § 6, 1942–44 Va. Acts, 577, 578. The section has since been recodified a number of times. One of the rules of statutory construction is that "all legislation must be interpreted in the light of the common law and scheme of jurisprudence existing at the time of its enactment." 2B *Sutherland* § 50.01 at 90. The common law at the time of § 22.1–194's

adoption included *Wynn v. Gandy*, 170 Va. 590, 197 S.E. 527 (1938). In *Wynn*, the Court summarily held that a school bus driver was negligent for driving over a child waiting for the bus. The Court held driving a school bus was a ministerial act. 170 Va. at 595, 197 S.E. at 529. In light of *Wynn*, the General Assembly did not abrogate the common law when it allowed suit to be brought against the driver. Accordingly, the Court determines that Defendant Smider is ineligible for the defense of sovereign immunity.

## II. *Insurance Coverage*

Since the Court holds that Smider is ineligible for the protections of the doctrine of sovereign immunity, some issues — whether an underinsured motorist carrier is obligated to extend coverage when a party has a sovereign immunity defense and whether Smider was performing ministerial acts at the time of the accident — are now moot.[2] The remaining issue to be resolved is whether the School Board or the defendant insurance companies are obligated to extend insurance coverage if the jury finds Defendant Smider liable.

The language of Progressive's policy states that it insures obligations "arising out of the . . . uses . . . of the owned automobile or any non-owned automobile." "Owned automobile" is specifically defined and does not include a school bus. "Non-owned automobile" essentially means one "not owned by or furnished for the regular use of . . . the named insured." Smider's school bus was furnished for her regular use. Therefore, Smider's school bus under the terms of the policy was neither a "owned automobile" nor a "non-owned automobile," and the policy does not extend coverage to her.

Furthermore, the exclusions in Progressive's policy preclude coverage. One exclusion is that the policy does not apply to automobiles used as a "public conveyance." A second exclusion prevents coverage of a vehicle used in the insured's occupation. Smider's school bus was

---

[2] On this latter issue, the Court is persuaded that Smider was performing a ministerial act at the time of the accident and that *Wynn* controls. The School Board argues that as long as Smider was on the job at the time of the accident — as opposed to traversing to and from work — that she is immune. The Court rejects this argument. Immunity turns on whether the actual function at the time of the alleged negligence involved a governmental duty requiring discretion beyond that necessary for simple driving. Here Smider was not exercising sufficient discretion, in deciding which route to take in traversing from one bus run to another, to take this case out of *Wynn*'s holding.

used as a public conveyance, and it was used in her occupation. Both exclusions apply. Accordingly, the Court holds that the Progressive policy did not extend coverage to Smider and that her use of the school bus falls within the policy's exclusions.

State Farm contends Smider has coverage under the School Board's plan and is not underinsured. The School Board has produced its self-insurance certificate and its self-insurance plan in effect at the time of the accident. The vehicular liability section of the plan states that it covers "anyone using with permission a vehicle owned . . . by the Board." Furthermore, the plan's limits are one million dollars for bodily injury for each person and four million dollars per occurrence. The School Board admits that Smider was acting within the scope of her employment at the time of the accident and was driving a bus owned by the School Board. Thus, Smider is a permissive user under the School Board's plan and is entitled to coverage of one million dollars. Smider is not underinsured because the tort suit against her prays for only $200,000 in damages, and she has excess coverage under the School Board plan. Hence, the Court finds State Farm is not obligated to extend coverage to Carvajal pursuant to its underinsured motorist provisions.

In the process of determining State Farm's insurance obligations, the Court examined the School Board's obligations. The Court determines that the School Board's self-insurance plan covers Defendant Smider and that School Board is obligated to extend coverage to her.